IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BENTLEY JACO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-0482-CV-W-GAF-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Bentley Jaco filed two applications under the Social Security Act ("the Act"). One application sought disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401, *et seq.*, and another application sought supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq*. Jaco's applications were denied initially.

On January 24, 2008, following a hearing, an administrative law judge ("ALJ") rendered a decision in which he found that Jaco was not under a "disability" at any time through the date of the decision. On June 10, 2008, the Appeals Council of the Social Security Administration denied Jaco's request for review.

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008). Evidence that both supports and detracts from the Commissioner's decision should be considered, and an administrative decision is not subject to reversal simply because some evidence may support the

opposite conclusion. *Finch*, 547 F.3d at 935. A court should disturb the ALJ's decision only if it falls outside the available "zone of choice" and a decision is not outside that zone of choice simply because the court may have reached a different conclusion had the court been the fact finder in the first instance. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) (citations omitted). The Eighth Circuit has further noted that a court should "defer heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001). To establish entitlement to benefits, Plaintiff must show that he was unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A).[1]

Plaintiff argues that the ALJ did not properly consider impairments in assessing his residual functional capacity ("RFC"). A claimant's RFC represents the most he can do despite the combined effect of all his credible limitations. 20 C.F.R. §§ 404.1545, 416.945. An ALJ must assess a claimant's RFC based on all the record evidence, including the medical records, observations of treating and examining physicians, and an individual's own descriptions of his limitations. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). An ALJ, however, is not required to accept a claimant's alleged limitations at face value. Instead, the ALJ must evaluate the credibility of a claimant's complaints of limitation consistent with the framework set forth at 20 C.F.R. §§ 404.1529 and 416.929, as well as *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). That framework requires consideration of such factors as the claimant's work history;

---

[1]Upon review of the record and the law, the Defendant's position is found to be persuasive. Much of the Defendant's brief is adopted without quotation designated.

observations by third parties and physicians regarding the claimant's disability; the claimant's activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; and the dosage, effectiveness and side effects of medications. *Polaski*, 739 F.2d at 1322. Where, as here, an ALJ discredits a claimant's testimony for stated reasons, a reviewing court should normally defer to the ALJ's credibility findings. *Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991).

Further, although an ALJ must consider the various medical opinions in assessing a claimant's RFC, the final determination of a claimant's RFC is left to the ALJ. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) ("[A]lthough medical source opinions are considered in assessing RFC, the final determination of RFC is left to the Commissioner."). In assessing a claimant's RFC, the ALJ may reject the opinion of any examining physician if it is inconsistent with substantial evidence. *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004).

The ALJ found that Plaintiff had the RFC to lift and/or carry 10 pounds occasionally and a nominal amount of weight frequently, sit six hours in an eight-hour workday, and stand/walk two hours in an eight-hour workday. The ALJ also found that Plaintiff could occasionally climb and balance, but should avoid concentrated exposure to heat, cold, dangerous machinery, and unprotected heights. The ALJ further found that Plaintiff had unlimited ability to push and pull with his extremities, but should only occasionally handle objects with his bilateral upper extremities. In so finding, the ALJ considered Plaintiff's limitations found credible and the RFC assessment incorporates those limitations.

Plaintiff argues that the ALJ erred by failing to consider his pain and mental impairments in the RFC assessment. However, it is Plaintiff's burden to show that a disabling condition

3

exists which would preclude return to prior work. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). In his argument on appeal, Plaintiff did not state what mental impairment he has, nor did he state how any such mental impairment affects his ability to function. In addition, the medical evidence of record does not demonstrate that Plaintiff experienced any mental impairments. Moreover, Plaintiff did not allege disability due to mental impairments in documents submitted as part of the disability application process, nor did Plaintiff testify that he experienced any mental impairments. 20 C.F.R. §§ 404.1512, 416.912. *See also Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996) (*quoting Brockman v. Sullivan*, 987 F.2d 1344, 1348 (8th Cir. 1993)) (an ALJ is under no "obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability."). Thus, the ALJ was not required to consider mental impairments in his RFC assessment.

Furthermore, contrary to Plaintiff's argument, in accordance with the requirements of *Polaski* and the regulations, the ALJ expressly considered Plaintiff's pain and determined that Plaintiff's statements concerning the persistence, intensity, and limiting effects of his symptoms were not fully credible.[2] As the ALJ noted, despite Plaintiff's allegations of disabling pain, treatment records do not indicate that Plaintiff consistently complained of debilitating pain in his knees, feet, hands, or right shoulder. In fact, on multiple occasions Plaintiff reported no pain, and he regularly had normal physical examinations. Although Plaintiff has osteoarthritis, x-rays of his spine demonstrated preserved disk interspaces and normal vertebral alignment. *Forte v.*

---

[2]Plaintiff also asserts the pain is a nonexertional impairment. Contrary to Plaintiff's suggestions, however, pain is not an impairment, whether it be exertional or nonexertional. Instead, pain is a symptom, which, by itself cannot constitute a medically determinable impairment. 20 C.F.R. §§ 404.1569a(a), 416.969a(a); SOCIAL SECURITY RULING ("SSR") 96-4p, 1996 WL 374187, at *2, SSR 96-8p, 1996 WL 374184, at *6.

*Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) ("[L]ack of objective medical evidence is a factor an ALJ may consider.").

The ALJ also considered the fact that Plaintiff used ibuprofen for his arthritis pain. *Robinson v. Sullivan*, 956 F.2d 836, 840 (8th Cir. 1992) (finding that a claimant's use of relatively mild pain medication weighs against his complaints of disabling pain.). In addition, the ALJ noted that Plaintiff used gabapentin for diabetic neuropathy and no treatment provider indicated that such medication did not sufficiently control Plaintiff's neuropathic pain. *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998) ("Impairments that are controllable or amenable to treatment do not support a finding of disability."). The ALJ also found it significant that none of Plaintiff's treating or examining physicians opined that he was totally disabled. *Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000) (finding that the lack of significant restrictions imposed by treating physicians supported the ALJ's decision of no disability).

Moreover, as the ALJ noted, Plaintiff drove three times per week, ran errands for his friend, performed some household chores, watched television, went to the grocery store, and visited friends and relatives three to four times per month. *Riggins v. Apfel*, 177 F.3d 689, 692 (8th Cir. 1999) (activities such as driving his children and wife to school, shopping, visiting his mother, taking a break with his wife, watching television, and playing cards were inconsistent with a claimant's complaints of disabling pain). Plaintiff also worked full-time until November 2006, nearly one and one-half years after his alleged onset of disability date. Work performed during any period in which Plaintiff alleges that he was under a disability may demonstrate an ability to perform substantial gainful activity. 20 C.F.R. §§ 404.1571, 416.971. *See also Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994). Thus, contrary to Plaintiff's argument, the ALJ

considered Plaintiff's pain in his RFC assessment and found his allegations of disabling pain less than fully credible.

Plaintiff also argues that the ALJ erred by failing to consider his need to lie down each day in the RFC assessment. Contrary to Plaintiff's argument, the ALJ expressly considered his alleged need to lie down for two hours each day and found that it was not credible. As the ALJ noted, Plaintiff's alleged need to lie down is not supported by a physician's prescription or recommendation. Moreover, treatment notes do not support Plaintiff's alleged need to lie down. The fact that no physician stated that Plaintiff needed to lie down during the day indicates that Plaintiff is lying down due to choice rather than medical necessity. *Hinkle v. Callahan*, 963 F. Supp. 1533, 1546 (W.D. Mo. 1997) (medical evidence did not support the claimant's claim that he was required to lie down and rest during the day). Thus, contrary to Plaintiff's argument, the ALJ considered Plaintiff's alleged need to lie down, determined it was not credible, and did not include such a restriction in his RFC finding.

The ALJ determined Plaintiff's RFC after evaluating all the evidence of record regarding the effects of Plaintiff's impairments. The ALJ's RFC assessment is supported by substantial evidence in the record.

Plaintiff argues that the ALJ's determination that he could perform other work that existed in the national economy is not supported by substantial evidence because the hypothetical question posed to the vocational expert did not include all of Plaintiff's limitations. Specifically, Plaintiff argues that the hypothetical question should have included the need to lie down and limitations caused by nonexertional impairments. Plaintiff does not identify what limitations caused by nonexertional impairments should have been included in the hypothetical

6

question to the vocational expert, nor does Plaintiff specify to what conditions the phrase "nonexertional impairments" refers. Based on Plaintiff's argument in other sections of his brief, it appears Plaintiff refers to pain and mental impairments when he uses the phrase "nonexertional impairments." However, as discussed above, there is no evidence that Plaintiff had a mental impairment. The ALJ also determined that Plaintiff's allegations of disabling pain and the need to lie down were unsupported by the medical evidence and not fully credible. A vocational expert need only consider impairments supported by substantial evidence in the record and accepted by the ALJ as true. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). Thus, the ALJ was not required to include the need to lie down or restrictions from mental impairments and pain in the hypothetical question to the vocational expert.

In this case, the hypothetical question presented to the vocational expert included all of Plaintiff's credible limitations as found by the ALJ in the RFC determination. The ALJ asked the vocational expert to assume a claimant of the same age, education and work experience as Plaintiff, who could lift and carry 10 pounds. The hypothetical claimant could stand and walk for two hours in an eight-hour workday, and could sit for six hours in an eight-hour workday. The hypothetical claimant had an unlimited ability to push and pull with the extremities, but could only occasionally climb or balance, and needed to avoid concentrated exposure to heat, cold, and hazards such as dangerous machinery and unprotected heights. In response, the vocational expert testified that such a claimant would be able to perform the jobs of security systems monitor (100,000 jobs in the national economy) and credit checker (155,000 jobs in the national economy). A vocational expert's testimony "based on a properly phrased hypothetical question constitutes substantial evidence." *Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999)

(*quoting Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996)).  Consequently, Plaintiff could perform other jobs which existed in significant numbers in the national economy and the ALJ found Plaintiff was not under a "disability" as defined in the Act.  The ALJ's decision is supported by substantial evidence.

      WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED:   March 11, 2009